# Wilkerson *v*. Cantelou.

### Contest of Election.

(Decided Jan. 20, 1910. 51 South. 799.)

1. *Elections; Ballots; Choice of Voter.*—Where it appeared that the name of the person printed on the card was marked out, and the name of another written in the blank space left under the printed name, and the name so written had an "X" mark before it, it cannot be said that it was impossible to determine the choice of the electors, and hence, there was no doubt as to their choice, and such ballots were properly counted for the person whose name was written thereon. (Sections 379, 380 and 414, Code 1907.)

APPEAL from Montgomery Probate Court.

Heard before Hon. J. B. GASTON.

Contest of an election of a justice of the peace instituted by J. C. Wilkerson against J. R. Cantelou. Judgment for respondent and petitioner appeals. Affirmed.

GOODWYN & McINTYRE, for appellant. The sole question presented by this case is, can a voter cast a lawful ballot for a person whose name is not printed on the official ballot by writing and crossmarking the name of such person in a party column or in any column rather than the blank column prescribed by law for that purpose? In order to arrive at a correct conclusion, it is necessary to consider the following sections of the Code, to wit: 379, 380, 381-5, 386 and 414. When construed together these sections answer the question in the negative.—*McGowan v. School Trustees*, 165 Pa. 234; *Voorhees v. Arnold*, 108 Ia. 77.

HILL, HILL & WHITING, for appellee. The votes as cast indicated the choice of the electors, and were properly counted for contestee.—Section 414, Code 1907.

The intention of the voter as gathered from the ballot itself or other surrounding circumstances of a public character must control.—15 Cyc. pp. 360-1-2; *Montgomery v. Henry,* 144 Ala. 635.

SIMPSON, J.—This is a contest, filed by the appellant, of the election of the appellee to the office of justice of the peace. The facts, as shown by the bill of exceptions, are that there were printed on the ballot, in the Democratic column, in the appropriate place, as candidates for the office of justice of the peace, the names of J. A. Cobb and J. C. Wilkerson (two to be elected); that Cobb secured 16 votes, which were not contested; that Wilkerson received 4 votes by mark in the circle (O) at the head of the colmun; and that 26 voters erased the name of Wilkerson, and wrote immediately thereunder, in the Democratic column, the name of J. R. Cantelou, placing in front of the same a cross-mark.

The insistence of the appellant is that these votes should not have been counted, and because the only place in which may be written the name of a man whose name is not printed on the ballot is the "blank column," on the right of the ballot, provided for by section 379 of the Code of 1907. Section 380 provides that "the elector may write in the column below, under the title of the office, the name of any person whose name is not printed upon the ballot, for whom he may desire to vote." There is no inhibition against writing a new name in the space where the printed names for each office appear, provided there is room therefor; and it is noticeable that in the form appended to section 380, to which it is provided the ballot shall substantially conform, the "blank column" provided for by section 379 does not appear at all, but to the regular party column

[Venable v. Venable.]

there is added only the column for persons nominated
by "independent bodies," provided for by section 380.

The ballot which was used in this case is not copied
into the bill of exceptions, so that we cannot say wheth-
er or not there was a "blank column," as provided by
section 379. However that may be, section 414 provides
that, "if for any reason it is impossible to determine the
elector's choice, * * * his ballot shall not be counted,
* * * nor shall any ballot be rejected for any technical
error which does not make it impossible to determine
the elector's choice." In this case there is no doubt as
to the electors choice. The votes were properly counted,
and the probate judge properly decided in favor of
the contestee.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ.,
concur.